ALONZO CUSHMAN *versus* CHARLES HAYNES, Principal, and JAMES M. ALLEN *et al.* Trustees.

Where upon a consignment of goods to be sold on commission, the consignees accepted an order drawn upon them by the consignor, by which they were requested to pay to his order, in thirty days, the sum of $1000, *or what might be due after deducting all advances and expenses,* and subsequently to such acceptance, but before the goods were sold, the consignees were summoned in a process of foreign attachment, as trustees of the consignor, it was *held,* that the order was not a *negotiable* security ; that the order and acceptance could not operate as an assignment, not being made to a third person ; and therefore that the consignees were chargeable as such trustees.

THE answers of the trustees set forth, that at the time when the writ was served upon them, they had received from the defendant, for sale on commission, certain goods, which were subsequently sold by them ; that after deducting all charges, advances &c., there remained in their hands a balance amount-

.ng to the sum of $196·93 ; but that previously to the service of the writ, they had accepted an order drawn upon them by the defendant, by which they were requested to pay to his order, in thirty days from the date thereof, the sum of $1000, or *what might be due after deducting all advances and expenses.*

In the Court of Common Pleas, the plaintiff contended that the respondents were chargeable as trustees, notwithstanding their acceptance of this order ; but the respondents were discharged by that court. From this decision the plaintiff appealed.

C. G. *Loring* and F. C. *Loring*, for the plaintiff, to the point, that the order was not a *negotiable* security, cited Chitty on Bills, (Amer. ed. 1836,) 153, 154 ; *Jones* v. *Fales*, 4 Mass. R. 245 ; *Clark* v. *King,* 2 Mass. R. 524 ; *Coolidge* v. *Ruggles*, 15 Mass. R. 387.

S. D. *Parker*, for the trustees, cited *Stevens* v. *Blunt,* 7 Mass. R. 240 ; *Keith* v. *Jones*, 9 Johns. R. 120.

SHAW C. J. delivered the opinion of the Court. The trustees having acknowledged that they had goods in their hands, of the principal defendant, at the time of the service of the writ, they must stand liable, unless they are discharged by their acceptance of the order of the principal defendant.

By the general trustee act, *St.* 1794, *c.* 65, § 12, it is provided, that no person shall be adjudged trustee, by reason of his having made, given, indorsed, negotiated or accepted any negotiable security whatever.

This statute is not directly applicable, because the case does not seek to charge the respondents by reason of their having made, indorsed or negotiated any negotiable security. They admit that they had effects in their hands at the time of the service, consisting of goods to be sold on commission, and on which they had made advances ; and they seek to discharge themselves on the ground of having accepted a negotiable security, for the proceeds. Under the obvious policy of the statute, if they had accepted such negotiable security, they ought to be discharged ; otherwise they might be made twice liable for the same debt, once to the attaching creditor, and again to the holder of their acceptance. But we are of opinion, that the acceptance, not being for a sum certain, but for

*Cushman v. Haynes and Tïs.*

*March 23d*

*March 26th*

Cushman
v.
Haynes and
Trs.
an uncertain amount, to wit, the balance of the proceeds of goods not then sold, was not negotiable. When the trustee process was served, the goods were not sold, and it was uncertain whether they ever would be ; and it was also uncertain whether they would sell for a sum sufficient to repay the advances and leave a balance. The order was drawn and accepted before the service of the writ, and of course before the goods were sold. It not being a negotiable security, the trustees would not be liable to an action upon it by an indorsee, and it did not amount to payment or an advance.

This order and acceptance could not operate as an assignment, not being made to a third person ; an assignment by the principal, of a *chose in action*, to such person as he should afterwards name, is, in effect, an assignment to himself, and as such a mere nullity.

*Trustees charged on their answers.*